**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ZIA FAZAL UL HAQ[1],

Petitioner,

v. Case No. 1:26-cv-001814 KWR-DLM

WARDEN, *Torrance County Detention Facility*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

**BACKGROUND**

[1] The parties have used various formulations of Petitioner's name. The Court herein uses the form of his name set forth in the body of the Petition. *See* Pet. ¶ 1, Doc. 1.

Petitioner is a citizen of Pakistan detained by ICE at the Torrance County Detention Facility in New Mexico. He entered the United States in 2018 on a visa. Petitioner asserted that he was arrested without a warrant in Minnesota on February 20, 2026.

Petitioner received a bond hearing on May 1, 2026. Doc. 6-4 at 1. The immigration judge denied bond, reasoning that he is a flight risk. *See* Doc. 6-4 at 1. Petitioner asserts that prior to his detention he suffered several strokes and was diagnosed with a heart condition. He required the use of a C-PAP machine. He also has high blood pressure and cholesterol. He also has complications from a gunshot wound he suffered while fleeing persecution in Pakistan. Petitioner asserts that he has not received adequate medical care, such as his prescription medication for his blood pressure and cholesterol.

Petitioner was ordered removed on December 12, 2023. Doc. 6-1 at 21. It appears that the appeal of the removal order is pending.

Petitioner asserts a variety of claims. He asserts that he is mandatorily detained. He also asserts a violation of the APA, deliberate indifference, a violation of the Fourth Amendment, and a violation of the Rehabilitation Act.

## DISCUSSION

### I. Petitioner received a bond hearing and is lawfully detained.

Petitioner appears to assert that he is mandatorily detained. But Petitioner received a bond hearing, at which the immigration judge concluded he was a flight risk. Petitioner has thus received the process due under 8 U.S.C. § 1226(a).

To the extent Petitioner challenges the determination that he is a flight risk, the Court generally lacks jurisdiction to review an immigration judge's flight risk determination, and he fails to explain why the immigration judge's decision was erroneous.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination.

Petitioner also does not establish that there was a due process violation at his bond hearing. Petitioner appears to assert that the immigration judge failed to place the burden of proof on the Government to show by clear and convincing evidence that the noncitizen is a flight risk or danger to the community. As this Court has previously explained in *Montero Cordova*, due process does

not require that the burden be placed on the Government when a noncitizen is detained under § 1226(a). The Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026) and denies Petitioner's due process claim based on burden-shifting. As explained in *Montero Cordova,* the *Mathews* factor do not warrant shifting the burden at any bond hearing to Respondents under the circumstances of this case. And Petitioner does not establish that a due process violation requires the Court to place the burden on the Respondents at any bond hearing.

Because Petitioner has received the remedy due, a bond hearing, the Court concludes that Petitioner may be detained under § 1226(a). To the extent Petitioner challenges his arrest, he fails to explain why his arrest entitles him to release when he is appropriately detained under § 1226(a).

**II. Deliberate Indifference.**

Petitioner does not expressly assert a count for deliberate indifference in violation of the Fifth Amendment. But elsewhere in the Petition he asserts that Respondents were deliberately indifferent to his medical needs. Petitioner asserts that he suffered strokes before and during detention. It appears that he asserts he has received some treatment, but the treatment is inadequate.

A detainee must show "deliberate indifference to serious medical needs." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (internal quotations omitted). The Fifth Amendment is violated when two elements are met: (1) objectively, "the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause," and (2) subjectively, "the official knows of and disregards an excessive risk to inmate health or safety." *Burke v. Regalado*, 935 F.3d 960, 992 (10th Cir. 2019) (citation and internal quotation marks omitted); *see also Daniel v. U.S. Marshall Serv.,* 188 F. App'x 954, 961–62 (11th Cir. 2006) (explaining that deliberate indifference standard is the same under the Fifth and Eighth

Amendments). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quotations omitted). Petitioner generally fails to plead specific factual allegations supporting the subjective prong.

Moreover, petitioners generally cannot raise deliberate indifference claims in habeas cases. The basic purpose of a § 2241 habeas proceeding is to permit a person in custody to attack the legality of custody, and the "traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Therefore, a challenge to "the fact or duration of" confinement must be brought through a habeas corpus petition, while a challenge to the conditions of confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Thus, to raise a claim challenging his conditions of confinement or deliberate indifference to medical needs, Petitioner must file a civil rights action. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens* ... not through federal habeas proceedings"). Petitioner asserts that his conditions of confinement merit his release. But even assuming his conditions of confinement claim could be brought in a habeas action, he has not demonstrated that his claim merits release rather than some other form of relief.

**III. <u>Rehabilitation Act</u>.**

Petitioner asserts that Respondents violated the Rehabilitation Act under 29 U.S.C. § 794 because he is being excluded from meaningful participation in his immigration proceedings due to his declining physical health.

Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Plaintiff has failed to plausibly allege a prima facie case of discrimination in violation of the Rehabilitation Act. He was required to establish that "'(1) that [he] is disabled under the Act; (2) that he would be 'otherwise qualified' to participate in the program; (3) that the program receives federal financial assistance (or is a federal agency ...); and (4) that the program has discriminated against the plaintiff." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010).

But he does not plead any factual allegations explaining how his physical health impedes his ability to pursue his immigration proceedings. Therefore, he has failed to explain how the program has discriminated against him. Even assuming he has proven discrimination, he fails to cite to authority that a Rehabilitation Act claim is cognizable under a habeas petition, or that the appropriate remedy is release.

**IV. <u>Petitioner's APA claims are not well-taken</u>.**

In Count I and II, Petitioner asserts that Respondents violated the APA and 8 U.S.C. § 1231 by (1) subjecting him to mandatory detention without consideration of his individualized facts and circumstances, and (2) detaining him pursuant to a categorical policy implemented by "unidentified governmental officials in Washington", not through the individual exercise of discretion by an immigration judge. Doc. 1 at 23.

First, Petitioner received a bond hearing before an immigration judge, and the immigration judge concluded he was a flight risk. Although Petitioner generally asserts that the immigration court system is now a sham, he fails to show how the immigration judge in this case failed to exercise discretion in concluding he was a flight risk. He also failed to show that he is subjected to mandatory detention.

Second, Petitioner asserts that Respondents violated the APA and 8 U.S.C. § 1231. But Petitioner is detained under § 1226, not § 1231. And to the extent Petitioner challenges his detention through an APA claim, it fails. The APA provides a cause of action only where there is no other adequate remedy in court. 5 U.S.C. § 704. Challenges to the fact or duration of immigration detention are cognizable in habeas and "must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687-88). In a concurring opinion, Justice Kavanaugh explained that "claims under the APA are not available when there is another 'adequate remedy in a court,' ...." *Trump v. J.G.G.*, 604 U.S. at 674 (Kavanaugh, J., concurring). He further explained that "habeas corpus, not the APA, is the proper vehicle here." *Id.* Because the relief Petitioner seeks is attainable through habeas corpus, the APA does not supply a cause of action here.

**V. Fourth Amendment.**

Petitioner asserts that his arrest violates the Fourth Amendment because Respondents lacked a warrant. Respondents assert that probable cause existed because Petitioner admitted that he lacked lawful status. Assuming he established a Fourth Amendment violation, he has not established that such a violation entitles him to release. Generally, the remedy for a Fourth Amendment violation is suppression of unlawfully seized evidence, not release. Evidence

collected as part of an unconstitutional seizure may be inadmissible. *United States v. Samilton*, 56 F.4th 820, 826 (10th Cir. 2022) (citing *Terry v. Ohio*, 392 U.S. 1, 29 (1968)). However, "an illegal arrest has no bearing on a subsequent deportation proceeding." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1110 (10th Cir. 2006) (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984)). "It was in [the context of a deportation proceeding] in which the Court noted that the 'body' or identity of a defendant is never suppressible as fruit of an unlawful arrest." *Id.* Therefore, it appears that the remedy for a Fourth Amendment violation is generally not release.

Generally, the purpose of a habeas petition under § 2241 is to test whether a petitioner's *current* detention is lawful, and a *prior* unlawful arrest does not require release when detention is otherwise lawful. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (finding that a habeas petition is "not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest"); *see also Stone v. Powell*, 428 U.S. 465, 485 (1976) (noting that "judicial proceedings need not abate when the defendant's person is unconstitutionally seized") (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *Walker v. Wainwright*, 390 U.S. 335, 337 (1968) (As the Supreme Court has recognized, "the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention."); *see also Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (explaining that once deportation proceedings started, the legality of the noncitizens' detention based on a lack of warrant can no longer be tested by way of habeas corpus). Therefore, even assuming his arrest was unlawful, he may be detained under § 1226(a) because he received a bond hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.[2]

____________/S/______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[2] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.